IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| **TRISURA SPECIALTY INSURANCE COMPANY** <br> 210 Park Ave., Suite 1300 <br> Oklahoma City, OK 73102-5639, <br><br>       Plaintiff <br><br> v. <br><br> **NJ EXPEDITE LLC,** a for-profit corporation <br> 8924 Lake Rd., Suite 4 <br> Seville, OH 44273 <br>    and <br> c/o of its Ohio Statutory Agent for Service of Process <br> Nemanja Jerkovic <br> 8924 Lake Rd., Suite 4 <br> Seville OH 44273 <br><br>    and <br><br> **CHRISTOPHER BRITFORD** <br> 3935 Singer Dr. <br> Columbus, GA 31903, <br><br>       Defendants | Case No. _____ <br><br> Judge _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff TRISURA SPECIALTY INSURANCE COMPANY ("Trisura"), by and through undersigned counsel, seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201,

against Defendants NJ EXPEDITE LLC ("NJ Expedite"), a for-profit corporation, and CHRISTOPHER BRITFORD ("Britford")(collectively "Defendants"), for the purpose of determining a question of actual, immediate controversy among the parties.

## NATURE OF THE ACTION

1. This is an action for Declaratory Judgment pursuant to Title 28, U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Trisura seeks a declaration from this Court that it has no obligation to defend and/or indemnify Defendants NJ Expedite and Britford in connection with anticipated pre-litigation claims and a Likely Future Lawsuit arising from a multiple fatality motor vehicle accident which occurred on October 19, 2022 involving a tractor/trailer driven by Defendant Britford for Defendant NJ Expedite ("Accident").[1]

2. An actual controversy exists among the parties regarding the issue of liability coverage for anticipated Accident-related claims against Defendants, including but not limited to the Likely Future Lawsuit, under Trisura Motor Carrier Auto Liability Coverage Policy No. BE20171789-00 issued to named insured NJ Expedite for the policy period effective date February 28, 2022 to February 28, 2023 ("Policy"), and the rights and obligations, if any, of the parties pursuant to the terms of the Policy for any such claims or suits to be asserted against Defendants arising from the Accident. A true and correct copy of the Policy is attached hereto as Exhibit A.

---

[1] The Likely Future Lawsuit refers to anticipated litigation arising out of the Accident to be filed on behalf of claimant Arrie Matthews (the wife of Defendant Britford), for herself and on behalf of the estates of her three deceased minor children with Defendant Britford: Izayiah Britford, Ja'Qun Britford and Messiah Britford. Trisura is informed and believes that Arrie Matthews has retained counsel who intends to pursue claims and/or initiate litigation against Defendant NJ Expedite and potentially Defendant Britford to recover damages for the Accident-related injuries sustained by Arrie Matthews and the alleged wrongful deaths of the three minor children.

2

3. Trisura is informed and believes, and thereon alleges that all relevant conditions precedent to filing this action have been performed or have occurred.

## THE PARTIES

4. Trisura is a specialty lines insurer incorporated in Oklahoma with its principal place of business in Oklahoma City, Oklahoma, and is therefore a citizen of the State of Oklahoma.

5. Defendant NJ Expedite is an Ohio Domestic Limited Liability Company in the business of offering and providing motor carrier services to the shipping public. Trisura is informed and believes, and thereon alleges, Defendant NJ Expedite's sole member, Nemanja Jerkovic, is a citizen of Ohio. Accordingly, for purposes of diversity jurisdiction, Defendant NJ Expedite is therefore a citizen of the State of Ohio.

6. Trisura is informed and believes, and thereon alleges Defendant Britford is an individual resident of the State of Georgia, and is therefore a citizen of the State of Georgia. By reason of Defendant Britford's status as a scheduled driver for the covered vehicle involved in the Accident and his status as an independent contractor to transport freight for NJ Expedite pursuant to the terms of an Independent Contractor Agreement ("IC Agreement") between himself and NJ Expedite, Trisura is informed and believes that Defendant Britford potentially qualifies for insured status in connection with the Accident pursuant to the terms of the Policy.

## JURISDICTION

7. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332, as there is complete diversity of citizenship between Trisura and the Defendants in the action, and the amount in controversy, including the costs of defending and/or indemnifying

Defendants NJ Expedite and Britford in connection with the Likely Future Lawsuit, exceeds the sum of $75,000, exclusive of interest and costs.

8. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Policy as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

9. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(3) because Defendants NJ Expedite and Britford are subject to the court's personal jurisdiction in this district with respect to this action.[2]

## THE POLICY

10. Trisura issued the Policy to Defendant NJ Expedite for the policy period effective February 28, 2022 to February 28, 2023. (Exhibit A). Subject to its terms, the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13) provides covered autos liability coverage for bodily injury and property damage claims arising from accidents involving scheduled vehicles owned by Defendant NJ Expedite and operated with Defendant NJ Expedite's consent as follow:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies,

---

[2] The IC Agreement has a choice of law provision in favor of Ohio law and provides for venue in Ohio with respect to any disputes between the parties arising from driving services provided by Defendant Britford.

caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability by payment of judgments or settlements.

(See Motor Carrier Coverage Form [part of Exhibit A], pp. 2-3 of 15.)

11. Both Defendants NJ Expedite and Britford qualify for "insured" status under the Policy as concerns this coverage dispute arising from the Accident. (See Motor Carrier Coverage Form [part of Ex. A], p. 3 of 15.)

12. The 2017 Volvo VNL tractor (VIN# 4V4NC9EH4HN970260)("Vehicle") involved in the Accident which may give rise to the Likely Future Lawsuit is listed as vehicle no. 18 in the Policy's Vehicle Schedule and is owned by NJE.

13. The Policy also includes a "Public or Livery Conveyance for Passengers Exclusion" endorsement (ISO Form CA 23 44 11 16)("Public or Passenger Livery Conveyance Exclusion") which provides in pertinent past as follows:

**PUBLIC OR LIVERY PASSENGER CONVEYANCE
EXCLUSION**

This endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

**A. Changes In Covered Autos Liability Coverage**

The following exclusion is added:

**Public Or Livery Passenger Conveyance**

This insurance *does **not apply** to any covered "auto" while being **used as** a public or **livery conveyance for passengers***. This includes, but is not limited to, any period of time a covered "auto" is being used by an "insured" who is logged into a "transportation network platform" as a driver, whether or not a passenger is "occupying" the covered "auto". (Emphasis added.)

(See Exhibit A, Motor Carrier Auto Liability Policy, Commercial Auto Form CA 23 44 11 16.)

### **DEFENDANT BRITFORD'S INDEPENDENT CONTRACTOR RELATIONSHIP WITH DEFENDANT NJ EXPEDITE**

14. On July 27, 2022, Defendants Britford and NJ Expedite entered into a written contract entitled "NJ Expedite LLC Independent Contractor Agreement" (referred to herein as "IC Agreement") providing for, *inter alia*, Defendant NJ Expedite to "retain the driving services" of Defendant Britford. A true and correct copy of the IC Agreement is attached hereto as Exhibit B.

15. The Agreement also provided for Defendant Britford to operate vehicles owned by Defendant NJ Expedite. (See Exhibit B.)

16. The Agreement also provided for Defendant NJ Expedite to fine Britford $1,000.00 for carrying an "Unauthorized Passenger," and to fine Defendant Britford $1,500.00 and immediately terminate him for carrying an "Unauthorized Passenger" under the age of 18. (See Exhibit B.)

## THE UNDERLYING ACCIDENT

17. On October 19, 2022, Defendant Britford was operating the Vehicle and transporting goods to be delivered to Walmart pursuant to the terms of the IC Agreement with Defendant NJ Expedite.

18. Defendant Britford at this time had in the Vehicle's cab four passengers: his wife, Arrie Matthews, and their three children, Izayiah Britford, Ja'Qun Britford and Messiah Britford.

19. Consistent with the terms of the IC Agreement, Trisura is informed and believes, and thereon alleges, Defendant NJ Expedite had not given permission to Defendant Britford to carry any passengers at any time in the Vehicle, including as part of the delivery trip Defendant Britford was making on October 19, 2022 when the Accident occurred.

20. On October 19, 2022, while driving with passengers Arrie Matthews, Izayiah Britford, Ja'Qun Britford, and Messiah Britford in the Vehicle on U.S. Highway 259 in southeast Oklahoma, Defendant Britford lost control of the Vehicle. The Vehicle left the road at a high rate of speed and rolled approximately 200 feet down sloped terrain.

7

21. Defendant Britford and his wife Arrie Matthews were thrown from the Vehicle and injured as a result of the Accident.

22. Izayiah Britford, Ja'Qun Britford and Messiah Britford were not thrown from the Vehicle but sustained fatal injuries as a result of the Accident.

### THE ACCIDENT-RELATED CLAIMS AND LIKELY FUTURE LAWSUIT

23. Trisura is informed and believes that Arrie Matthews and the estates of the Izayiah Britford, Ja'Qun Britford, and Messiah Britford, intend to assert pre-litigation claims and/or file suit against Defendant NJ Expedite and/or Defendant Britford seeking damages for Accident-related injuries sustained by Arrie Matthews as well as damages for the alleged wrongful deaths of Izayiah Britford, Ja'Qun Britford and Messiah Britford as a result of the Accident.

24. Trisura submits that the presence of Arrie Matthews, Izayiah Britford, Ja'Qun Britford and Messiah Britford as passengers in the Vehicle operated by Defendant Britford at the time of the Accident renders the Vehicle as being used at that time as a "livery conveyance for passengers" within the scope of the Policy's Public or Passenger Livery Conveyance Exclusion thus barring defense and indemnity coverage under the Policy for any claims, settlement demands, lawsuits or potential judgments against Defendants NJ Expedite and/or Britford arising from the Accident.

25. In the company's reservation of rights letter, Trisura notified Defendant NJ Expedite that Trisura had undertaken a preliminary investigation of the circumstances of the Accident and whether coverage exists under the Policy for potential claims that may arise from the Accident, but that due to the Policy's Public or Passenger Livery Conveyance Exclusion, Trisura reserved the right to limit or deny coverage under the

8

Policy for any claims, settlement demands, lawsuits or potential judgments against Defendants arising from the Accident.

## COUNT ONE – DECLARATORY JUDGMENT

26. Trisura adopts and incorporates by reference the allegations set forth in paragraphs 1–25 above as though completely and fully set forth herein.

27. There is an actual, present, and existing controversy among the parties to this action regarding whether defense or indemnity coverage is afforded under the Policy for any pre-litigation claims or suits (including the Likely Future Lawsuit) seeking to hold Defendants NJ Expedite and Britford legally liable to pay damages for injuries sustained to Arrie Matthews as a result of the Accident as well as damages for the alleged wrongful deaths of Izayiah Britford, Ja'Qun Britford and Messiah Britford as a result of the Accident.

28. Trisura seeks a judicial determination declaring that it does not have a duty to defend or indemnify Defendants NJ Expedite and Britford under the Policy in connection with any Accident-related claims to be asserted against them (including the Likely Future Lawsuit) as the presence of Arrie Matthews, Izayiah Britford, Ja'Qun Britford and Messiah Britford as passengers in the Vehicle on October 19, 2022 renders the Vehicle as being used at that time as a "livery conveyance for passengers" within the scope of the Policy's Public or Passenger Livery Conveyance Exclusion thus barring coverage under the Policy for any claims, settlement demands or lawsuits against Defendants arising from the Accident.

29. Trisura therefore seeking a judicial determination that it has no duty to defend or indemnify Defendants NJ Expedite and Britford in connection with any Accident-related claims and/or the Likely Future Lawsuit which may be asserted against

9

Defendants by Arrie Matthews (the wife of Defendant Britford), for herself and on behalf of the estates of her three deceased children with Defendant Britford: Izayiah Britford, Ja'Qun Britford and Messiah Britford.

WHEREFORE, Trisura prays that this Honorable Court enter judgment declaring that:

(a) The Policy does not afford coverage for any Accident-related claims and/or the Likely Future Lawsuit;

(b) Trisura has no duty to defend Defendants NJ Expedite or Britford in connection with any Accident-related claims and/or the Likely Future Lawsuit;

(c) Trisura has no duty to indemnify Defendants NJ Expedite or Britford in connection with any Accident-related claims and/or the Likely Future Lawsuit;

(d) Upon a declaration by the Court of no duty to defend under the Policy, Trisura has the right to withdraw any defense it has agreed to provide Defendant NJ Expedite and/or Defendant Britford subjection to a reservation of rights under the Policy in connection with any Accident-related claims and/or the Likely Future Lawsuit;

(e) Trisura is entitled to reimbursement and restitution from Defendants as to any expenses incurred in its defense of Defendant NJ Expedite and/or Defendant Britford at each's demand for such defense as it was reasonable under the circumstances for Trisura to accede to these demands in order to protect Defendants until it could obtain a judicial determination there was no potential for coverage under the Policy and therefore no duty to defend Defendants from such Accident-related claims and/or the Likely Future Lawsuit in the first instance; and

(e) Trisura is entitled to any further relief the Court deems just and proper. Respectfully submitted this 26th day of May, 2023.

Respectfully submitted,

/s/ *Eric Bravo*
ERIC BRAVO    (0048564)
**GORDON REES SCULLY MANSUKHANI, LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558/F: (614) 360-2130
ebravo@grsm.com
*Counsel for Plaintiff Trisura Specialty Insurance Company*


/s/ *Michelle R. Bernard*
Michelle R. Bernard (CA Bar: 144582)
   *Pro Hac Vice* pending
David T. Hayek (CA Bar:  144116)
   *Pro Hac Vice* pending
**Gordon Rees Scully Mansukhani, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
T: (619) 230-7769 Facsimile:  (619) 696-7124
mbernard@grsm.com
dhayek@grsm.com
*Counsel for Plaintiff Trisura Specialty Insurance Company*